UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| APRIL ADRIANNE HAYES,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DEARBORN NATIONAL LIFE INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | Case No. 1:14-cv-00122-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant Dearborn National Life Insurance Company's Motion to Dismiss Plaintiff April Hayes's Complaint (Dkt. 8), as well as Hayes's Motion to Strike Affidavit of Jade C. Stacey in Support of Motion to Dismiss (Dkt. 17). The Court heard oral argument on these matters during a hearing on June 23, 2014. Because the Court did not consider the extra-pleading materials attached to Mr. Stacey's affidavit, the motion to strike is moot. Further, the Court will grant in part Dearborn's motion to dismiss for failure to state a claim because Hayes's state-law causes of action are preempted by the Employee Retirement Income Security Act (ERISA). 29 U.S.C. § 1001, et seq. However, this action will not be dismissed in its entirety because the Court will grant Hayes 30 days to amend her Complaint.

**MEMORANDUM DECISION AND ORDER- 1**

# BACKGROUND

The Court draws the following facts from allegations in Hayes's Complaint, (Dkt. 1-1), and assumes they are true for the purpose of deciding Dearborn's motion to dismiss. *See, e.g.*, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

April Hayes's husband, James Hayes, received a Term Life Insurance Policy (the Policy) issued by Dearborn as part of his benefit package when employed by the Life Care Center of the Treasure Valley. Mr. Hayes did not name his wife as a beneficiary of the Policy. Mr. Hayes passed away in July 2013. After reading about Mr. Hayes's death in the newspaper, April Hayes contacted Dearborn to request a proof of loss or death claim form to make a life insurance claim. Dearborn refused to provide the form, so Hayes obtained a form from the internet and submitted it to Dearborn, naming herself as a beneficiary on the form. Contending that life insurance policy proceeds are community property under Idaho law, Hayes repeatedly demanded payment of her community share to the proceeds of the Policy. Dearborn denied her claims because she is not a named beneficiary of the Policy.

Hayes filed an action in the Third Judicial District of the State of Idaho, pleading state-law causes of action for breach of contract and breach of the covenant of good faith and fair dealing. Hayes claims Dearborn breached a contract by failing to properly evaluate her policy claim and pay her the amount justly due. Additionally, Hayes alleges Dearborn breached the covenant of good faith and fair dealing by failing or refusing to pay her the amount justly due under the Policy. (Dkt. 1-1.)

Although the Complaint presently contains no cause of action under ERISA, Dearborn removed the case to federal court pursuant to 28 U.S.C. § 1331. Shortly after removing the case, Dearborn filed a Rule 12(b)(6) motion to dismiss on the grounds that Hayes's claims are preempted by ERISA. Although Hayes first received notice that the Policy was subject to ERISA when Dearborn removed the case to this Court, she concedes "the Policy at issue in this case is an employer-issued group life insurance Policy, governed by ERISA." (Dkt. 16 at 6.) Hayes further acknowledges that "federal preemption applies" and "the Policy at issue in this case must be administered according to the ERISA plan, and plan documents." (*Id*. at 6-7.)

Dearborn's attorney, Jade Stacey, attached the following documents to his affidavit in support of the motion to dismiss: Hayes's Complaint filed in state court (Dkt. 8-3), the Policy issued by Dearborn to Mr. Hayes's employer, Life Care Centers of America, (Dkt. 8-4), the employer's application for the policy (Dkt. 8-5), and Mr. Hayes's insurance enrollment form (Dkt. 8-6). In response, Hayes moved to strike Stacey's affidavit pursuant to Rule 56(c)(4), claiming it is not premised on personal knowledge, does not set forth admissible facts, that Stacey could not competently testify on the matters stated in it, and that the affidavit contained inadmissible hearsay evidence.

According to Hayes, if the affidavit is not stricken, Dearborn's motion to dismiss must be converted to a motion for summary judgment because Dearborn presented matters outside the pleadings. Hayes further claims summary judgment should be denied because Dearborn failed to provide the Court and Hayes with the governing ERISA plan and to identify the fiduciary with authority to pay or otherwise administer the plan

**MEMORANDUM DECISION AND ORDER- 3**

benefits. Dearborn claims courts may consider documents incorporated by reference in the complaint without converting motions to dismiss into motions for summary judgment. In the alternative, Dearborn argues summary judgment in Dearborn's favor would be appropriate because Hayes has not stated a claim under ERISA. Dearborn also argues the Court need only consider Hayes's Complaint to resolve the motion to dismiss.

Both parties expressly consented in writing to jurisdiction of the Magistrate Judge for all purposes. (Dkt. 24.)

## DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Court must accept the complaint's factual allegations as true and draw all reasonable inferences in a light most favorable to the non-moving party. *Id*. But the Court need not accept as true legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is proper "where there is … a lack of a cognizable legal theory." *Gray v. I.B.E.W. Local 332 Pension Trust*, 498 F. App'x 831, 832 (9th Cir. 2012). Although the Court must convert a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment if it considers matters outside the pleadings, Fed. R. Civ. P. 12(d), the Court need not do so if its legal conclusion does not depend on the extra-pleading materials. *Keams v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir.1997).

1. Removal Jurisdiction

As a preliminary matter, the Court must determine whether it has subject matter jurisdiction over this case. Under the "well-pleaded complaint" rule, a defendant "may not generally remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). However, an exception to the well-pleaded complaint rule allows a state-law claim to be removed "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* at 207-208. For example, "the ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id*. at 209 (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). This exception applies here because, as explained below, Hayes's state-law claims are "causes of action within the scope of the civil enforcement provisions of" ERISA. *Id.* at 66.

2. ERISA Preemption

Congress enacted ERISA to provide for a "uniform regulatory scheme over employee benefit plans." *Davila*, 542 U.S. at 208. ERISA's civil enforcement provision, 29 U.S.C. § 1132, creates an exclusive remedy for those asserting rights under an ERISA-regulated employee benefits plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). Among other claims, the civil enforcement provision authorizes "a participant or

beneficiary"[1] to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "If a . . . beneficiary believes that benefits promised to him under the terms of the [ERISA-regulated] plan are not provided, he can bring suit seeking provision of those benefits." *Davila*, 542 U.S. at 210.

Congress intended this civil enforcement remedy to be the exclusive remedy for denials of benefits under the terms of ERISA-regulated employee benefits plans. *Id.* Consequently, any state law cause of action that "duplicates, supplements, or supplants" the ERISA civil enforcement remedy is preempted. *Id.* "In other words, if an individual, at some point in time, could have brought his claim under [29 U.S.C. § 1132](a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by [§ 1132](a)(1)(B)."*Id.*

Here, Hayes's state-law claims allege that Dearborn failed to pay benefits promised to her as a beneficiary of a group life insurance policy issued by Dearborn to her deceased husband's employer. Hayes admits "the Policy at issue in this case is an

---

[1] For the purposes of the civil enforcement provision, "the term 'beneficiary' means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8). A "participant," by contrast, is "any employee or former employee of an employer, . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit." *Id.* § 1002(7). Assuming but not deciding that the allegations in the Complaint are true, April Hayes has standing as a "beneficiary" because she claims to be entitled to a benefit under an employee benefit plan.

**MEMORANDUM DECISION AND ORDER- 6**

employer-issued group life insurance Policy[] governed by ERISA," "federal preemption applies to this case[,] and the Policy must be distributed pursuant to ERISA." (Dkt. 16 at 6-7.) Moreover, Hayes does not allege that she is entitled to the death benefit proceeds under some independent legal duty implicated by Dearborn's actions. Indeed, Hayes argues that a provision of the Policy, the so-called "conformity clause," requires Dearborn to observe Idaho's community property laws and pay benefits to her even though her husband did not name her as a beneficiary. These claims cannot be resolved without interpretation of the ERISA-governed employee benefits plan at issue—the entirety of which is not before the Court.[2] Therefore, both of Hayes's state-law claims fall within the scope of § 1132(a)(1)(B) and are preempted. *See, e.g., Dedeaux*, 481 U.S. 41 (holding state-law breach of contract claim preempted by ERISA).

3.  **Leave to Amend**

Under Rule 15(a)(2), the Court may grant leave to amend a complaint and should freely do so "when justice so requires." The underlying purpose of this rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Accordingly, the rule "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990).

---

[2] Because the plan is not in the record, the Court cannot now determine whether the conformity clause or any other provisions of the plan compels an award or denial of benefit to Hayes. But it is notable that this Court recently held ERISA preempts Idaho's community property laws to the extent they conflict with administration of an ERISA-regulated plan according to the plan documents. *Orr v. Prudential Ins. Co. of America*, No. 11-cv-647, 2012 WL 2122157 (D. Idaho June 12, 2012).

**MEMORANDUM DECISION AND ORDER- 7**

During the hearing on this matter, counsel for Hayes requested leave to amend, and the Court will grant her leave to do so. Hayes did not fail to state a claim under ERISA in bad faith. She first discovered the Policy was subject to ERISA when Dearborn removed this case from state court. In addition, the plan is not before the Court, so the record is insufficient to determine whether amendment would be futile. Indeed, at the hearing, counsel for Hayes claimed Hayes could potentially state a claim under ERISA if she had access to the plan. Hayes has not previously amended her Complaint, and amendment at this early stage would not unduly delay the proceedings. Based on these factors, the Court will grant Hayes 30 days to amend her Complaint.

## CONCLUSION

The Court finds Hayes's state-law causes of action are subject to dismissal because, as plead, they are completely preempted by ERISA. Due to ERISA's broad preemptive scope, however, the Court has jurisdiction over Hayes's claims to the extent they can be amended into cognizable ERISA claims. Accordingly, the Court grants Hayes 30 days leave to amend her Complaint. In reaching this decision, the Court considered only Hayes's Complaint and the arguments of counsel stated in the briefing and at the hearing. For that reason, Hayes's motion to strike and her request that Dearborn's motion to dismiss be treated as a motion for summary judgment are moot.

# ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS HEREBY ORDERED** as follows:

(1) Defendant's Motion to Dismiss (Dkt. 8.) is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's state-law claims are subject to dismissal; however, Plaintiff is granted 30 days from the date of this Order to amend her Complaint.

(2) Plaintiff's Motion to Strike Affidavit of Jade C. Stacey in Support of Motion to Dismiss (Dkt. 17) is **DENIED AS MOOT**.

(3) The parties shall meet, confer on how this matter should proceed, and submit a joint litigation plan within 45 days from the date of this Order.

Dated: **July 22, 2014**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER- 9**